IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| STACEY ALEXANDER HENDERSON, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:09-CV-099 |
| | § | |
| RICK THALER, | § | |
| Director, Texas Dep't of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION TO GRANT MOTION TO DISMISS PETITION FOR A WRIT OF HABEAS CORPUS

Petitioner STACEY ALEXANDER HENDERSON has filed a Petition for a Writ of Habeas Corpus by a Person in State Custody. For the reasons hereinafter set forth, it is the opinion of the undersigned United States Magistrate Judge that respondent's Motion to Dismiss the petition as time barred be GRANTED.

### I.
### FACTUAL AND PROCEDURAL BACKGROUND

In February 2007, Henderson pled guilty in the 181st District Court of Potter County, Texas to possession with intent to deliver a controlled substance in a drug-free zone. He received a fifteen-year sentence. Petitioner did not directly appeal the judgment. On January 29, 2009, petitioner filed his first and only state application for habeas corpus relief. *In re Henderson*, WR-71,684-01. On March 17, 2009, his state application was denied without written order.

Petitioner filed his federal habeas corpus application with this Court on April 16, 2009.[1] On April 24, 2009, the Court issued a Report and Recommendation to Dismiss Petition for Writ of Habeas Corpus as Time Barred. The Court based its recommendation upon the fact petitioner filed his federal habeas corpus petition almost a full year after the statute of limitations had run. *See* 28 U.S.C. 2244(d)(1). Specifically, petitioner pled guilty in open court on February 23, 2007. Petitioner's conviction became final thirty days later, on March 25, 2007. *See* Tex. R. App. P. 26.2(a)(1). Therefore, absent equitable tolling, any federal habeas application challenging petitioner's state conviction and sentence was due on or before March 25, 2008.

In his objections to the Report and Recommendation, petitioner asserted equitable tolling should apply to his case because he was not aware of the factual predicate of his claims until several months after the state judgment became final. Based on these objections, the Court withdrew its Report and Recommendation and issued an Order to Show Cause to respondent. Respondent filed a Motion to Dismiss the case as time barred. In July 2009, the Court held an evidentiary hearing on whether equitable tolling was applicable to the case. The following facts were developed at the evidentiary hearing.

This is a case involving mistaken identity. On November 9, 2005, the Amarillo Police Department (APD) received information on two Oklahoma arrest warrants for Otis Henderson, petitioner Stacey Henderson's brother (Otis was an Amarillo resident). (Reporter's Record of July 23, 2009 Evidentiary Hearing Before Hon. Clinton E. Averitte U.S. Magistrate [hereinafter RR], pg. 55, Petitioner's Ex. 2B). APD furnished a photo of Otis Henderson to its officers.

---

[1] Even though the petition was received and file marked by this Court on April 21, 2009, petitioner's petition is deemed filed on April 16, 2009,which is the date he delivered the petition to prison officials for mailing to the district court. *See Spotville v. Cain*, 149 F.3d 374, 376-78 (5th Cir. 1998).

An undercover APD narcotics officer saw a person matching Otis Henderson's picture and observed the person engage in what the officer believed were crack cocaine drug sales. (*Id.* pgs. 56-58). At that point, the officer called APD, reported he had found Otis, and asked APD to assemble an arrest team.[2] (*Id.* pg. 58). The officer maintained surveillance on the individual while waiting for the team. (*Id.*). With the officer watching, the subject believed to be Otis Henderson got into a green SUV and drove to a nearby gas station. (*Id*. pgs. 58-59). While he was at the gas station, the arrest team arrived and the individual was arrested. (*Id.* pg. 59).

When the officers arrested the individual, they discovered a large bag of crack cocaine on him. (*Id.*, Petitioner's Ex. 3b, pg. 4). At the time he was arrested, the individual said his name was Stacey and that Otis was his brother, but the officers did not believe him. (*Id.* pg. 72). In fact, the prisoner was telling the truth, and the officers were mistaken. The individual (petitioner) arrested was actually Stacey Henderson, not Otis. (*Id.*). Otis Henderson had already been arrested in Oklahoma on the same warrants just a few hours before Stacey's arrest. (*Id.* pg. 25). APD officers mistakenly believed Stacey was Otis and arrested him based on Otis's arrest warrants.

Even though there was some question as to the arrested individual's true identity, he was indicted in cause number 52,759-B under the name "Otis Henderson." (*Id.* pg. 86). The police reports referred to the arrested individual as "Otis Henderson." (*Id.,* Petitioner's Ex. 4C). Documents filed in the case were filed under the name "Otis Henderson." (*Id.* pg. 86, Petitioner's Ex. 1). The February 2007 judgment originally issued was titled "The State of Texas vs. Otis Dewayne Henderson AKA Stacey Henderson SID TX 04210091." (*Id.*, Petitioner's Ex. 9).

---

[2] The APD officer who assembled the arrest team also personally called the local Oklahoma district attorney's office, who verified the warrants were still active. (RR, petitioner's ex. 3B, pg. 3).

As a result, Stacey's brother Otis Henderson had his brother's conviction and judgment for a controlled substance offense on his record. Therefore, it is assumed that Otis requested his name be expunged from the record of the underlying cause number 52,759-B. Regardless of who requested it, in late August 2008, a judge issued an Expungement Order in the case. (*Id.* p. 77). This Court has not been furnished with a copy of the Expungement Order because it is either sealed, anonymous, or otherwise unavailable, but both parties have stipulated to its existence and contents. (RR, Petitioner's Ex. 8, "Factual and Legal Stipulations," paragraph 4).

The Expungement Order was sent to a number of state agencies, including APD, the state court, and the local district attorney's office. (RR pg. 79). While the record is not entirely clear, it appears all these different agencies handled the expunction differently. For example, the district attorney's office simply marked through any mention of "Otis Henderson" with a black marker. (*Id.* pg. 78). One unknown person at APD replaced "Otis Henderson" with "Expunged Adult" and noted the document was expunged on October 10, 2008. (*Id.*, Petitioner's Ex. 3A). Another unknown individual at APD apparently replaced every occurrence of "Otis Henderson" with "Stacey Henderson" in the arrest report. (*Id.*, Petitioner's Ex. 3B).

As is evidenced by a different font and parts of the documents that have been clearly whited out, someone at the courthouse went through the court documents, even the original indictment, and changed the style of the case to read "The State of Texas vs. Stacey Alexander Henderson." (*Id.*, Petitioner's Ex. 1). The record is replete with examples of documents in the case that have clearly been edited from their original version, but the record is unfortunately lacking in any explanation as to who made the changes and when they did so.

## II.
## PETITIONER'S GROUNDS OF ERROR

Assuming he is entitled to equitable tolling, petitioner asserts the following four grounds of error based upon the merits of his case:

1. Petitioner's Fourth Amendment rights were violated because he was arrested without probable cause and without a warrant.

2. Petitioner's Fourth Amendment rights were violated because the State discovered evidence it used against petitioner after conducting an illegal search.

3. Petitioner's Sixth Amendment right to effective assistance of counsel was violated because his trial attorney failed to file a motion to suppress the evidence and a motion to quash the indictment.

4. Petitioner's guilty plea was the result of ineffective assistance of counsel.

## III.
## STATUTE OF LIMITATIONS

*A. One Year Filing Deadline*

Title 28 U.S.C. section 2244(d)(1) establishes a one-year limitation period for filing a habeas petition in federal court. The pertinent part of that subsection provides:[3]

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review

---

[3] Petitioner does not contend his case is governed by 28 U.S.C. section 2244(d)(1)(D), which states the limitations period begins running on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Indeed, the evidence establishes petitioner knew he was incorrectly arrested on his brother's warrant at the time of arrest, and therefore was aware of the factual predicate of the claims he presented in his federal habeas corpus petition as of November 2005 (the date of arrest).

A petitioner who fails to meet this one-year deadline may nevertheless receive federal habeas review of the merits of his claims if he can demonstrate he is entitled to equitable tolling. "The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." *United States v. Patterson*, 211 F.3d 927, 930-31 (5th Cir. 2000). Equitable tolling applies, however, only in cases presenting "rare and exceptional circumstances." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999). To qualify for equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing. *Lawrence v. Florida*, 549 U.S. 327, 336, 127 S. Ct. 1079, 1085, 166 L. Ed. 2d 924 (2007).

### B. Equitable Tolling in Petitioner's Case

The claims petitioner presents in his April 16, 2009 petition relate to the validity of his February 23, 2007 conviction. As petitioner himself admits, the day on which the statute of limitations (under 28 U.S.C. section 2244(d)(1)(A)) ran was March 25, 2008, and without equitable tolling, the petition is clearly time barred. (RR, pg. 22). Petitioner contends, however, his circumstances are rare and exceptional and warrant the application of equitable tolling.

#### 1. Supporting Documents

At the core of all petitioner's arguments is the contention that he needed documents supporting his claims before filing his federal habeas corpus application. Petitioner contends the State's actions of refusing to turn over any documents related to his case frustrated his attempts to uncover documentation supporting his claims and warrant the application of equitable tolling: "Mr. Henderson contends that it would be unreasonable and unrealistic to require him to file a habeas petition during the time that the State was denying him access to the documents that would confirm that he was in fact arrested on Otis's warrant." (Petitioner's Post-Hearing Brief, doc. #30, pg. 10).

To be clear, petitioner does not contend he was unaware of the factual predicate of his claim: "Mr. Henderson believed the basic facts that would justify the suppression motion and, by extension, many of the facts necessary to allege an ineffective assistance claim, as of the time judgment was entered in the state case." (*Id.* at pg. 11). He contends, rather, that the State's actions of refusing to release documents confirming the facts of his case justify equitable tolling of his federal petition.

> The documents necessary to establish his claim were solely within the possession of State entities . . . or were otherwise inaccessible to Mr. Henderson due to State action . . . The question is not whether these actions and policies were *lawful*; the question is whether the denial of his document request would *equitably* justify his failure to file on time.

(*Id.*).

As the Fifth Circuit made clear in *Flanagan*, there is a difference between the time for discovering the factual predicate of a claim (which will warrant equitable tolling) and "the time permitted for gathering evidence in support of that claim" (which will not warrant equitable tolling). *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir. 1998); (*See* Respondent's Response to Petitioner's Post-Hearing Brief, pgs. 9-10) (setting forth numerous cases coming to the same conclusion)).

Petitioner makes a valid argument that a habeas corpus claim must be based on more than a petitioner's bare accusations. *See Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983). *Ross* does not hold a petitioner must gather all of the supporting state documents before even filing his habeas corpus petition. If it did, a prisoner could arguably be required to dely filing his habeas corpus action while waiting to receive state documents that he may never gain access to under the Texas Open Records Act as long as he is incarcerated. *See* TEX. GOV'T CODE ANN. § 552.028(a) (Vernon 2004).

Where a petitioner knows the factual predicate of his claim, he should timely file his habeas corpus petition, request the court order the disclosure of any documents necessary to the disposition of those claims (or rely on the court's ability to *sua sponte* order the disclosure of such documents), and allow the court to evaluate the claims in light of any pertinent evidence. The reality is that if

a petitioner were to present a potentially viable claim, the court would be duty bound to allow further development of it, at which point the supporting documents would be discovered. *See Rules Governing Section 2254 Cases in the United States District Courts*, Rules 6-8 (allowing for discovery, expansion of the record, and evidentiary hearings for the purpose of gathering relevant evidence relating to a habeas corpus petition).[4]

### 2. Diligent Pursuit of Rights

After addressing petitioner's claim that his tardiness is excused by his inability to obtain documents supporting the claims that he was already aware of, it becomes clear petitioner does not qualify for equitable tolling under the two-pronged test set forth in *Lawrence*, 549 U.S. at 336, 127 S. Ct. at 1085. First, petitioner's only evidence demonstrating diligent pursuit of rights relates to obtaining case-related documents. Specifically, petitioner offered one records request he had a friend file with the APD in October 2007 and the letter denying the request the following day. (RR, Petitioner's Exs. 5-6).

Initially, this evidence goes to due diligence in finding support for petitioner's claims rather than due diligence in pursuing his rights. Even if this records requests were somehow applicable to the equitable tolling determination, however, a single records request to one state agency falls short of due diligence. *See Hardy v. Quarterman*, 577 F.3d 596 (5th Cir. 2009); *Starns v. Anderws*, 524 F.3d 612, 618 (5th Cir. 2008) (describing situations in which there was due diligence).

Moreover, according to his evidence, petitioner knew in October 2007, with five months remaining to timely file his federal habeas corpus petition, he could not obtain supporting state

---

[4] Indeed, this is the very thing that has occurred in this case. Petitioner came to this Court and filed his petition with nothing more than his bare accusations, a heavily redacted arrest report of his brother, Otis Henderson, and an indictment in his brother Otis's name. While the Court initially issued a Report and Recommendation to dismiss the petition as time barred, that recommendation was withdrawn based solely upon petitioner's objections that he was entitled to equitable tolling. When documents failed to surface with the respondent's motion to dismiss, the Court appointed petitioner counsel and held an evidentiary hearing to ensure it had all relevant evidence before it. Petitioner's appointed counsel obtained relevant state records and uncovered several discrepancies in those records, which he has ably brought to the Court's attention. In sum, petitioner came to the Court with very few documents and, through normal Court procedure obtained, albeit with the assistance of court-appointed counsel, several case documents and brought these to the Court's attention.

documents, and yet he waited almost a year-and-a-half after October 2007 before filing his federal petition. Petitioner does not contend the State actively misled him about his cause of action or prevented him from asserting his rights. *See Coleman*, 184 F.3d at 402. He does not claim that infirmity or other personal issues prevented him from filing his petition. He does not contend he was unaware of the finality of his conviction. *See Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999). In sum, other than his alleged need for certain documents, petitioner has not provided any explanation as to why he waited until 2009 to file a petition that he could have filed in 2007. This absence of explanation is particularly bothersome in light of the fact that when petitioner did finally file his petition, he still did not submit supporting documentation. Everything petitioner (untimely) filed in 2009 was material he could have (timely) filed in 2007. Petitioner has failed to demonstrate he diligently pursued his rights.

### 3. Extraordinary Circumstances

Petitioner contends the circumstances of his case, i.e. the name confusion initially and the later name changes in state documents, are extraordinary circumstances entitling him to equitable tolling. The underlying facts of this case with the mistaken identity and the later amendments to state documents, some of which are admittedly questionable, do present a unique set of facts. There has been no valid explanation of why the expungement order was treated differently by the various state agencies. Additionally, no State agency was willing to provide petitioner with any documents relating to his case. His attorney highlighted how difficult it was to obtain such documents from the State, a feat which required dealing with various state departments and obtaining a number of waivers. (RR, pg. 21). This type of state action, according to petitioner, frustrated his attempts to acquire the documents necessary to support his habeas corpus claims.

In determining whether there exist extraordinary circumstances justifying equitable tolling, however, the issue focused upon is whether those documents were necessary for "<u>filing</u>" the petition and not on whether they are necessary for resolution of the merits. *See* 28 U.S.C. 2244(d)(1); *Coleman*, 184 F.3d at 402, *Flanagan*, 154 F.3d at 199. Even if it were necessary to submit

documents supporting his claims with his original habeas corpus petition, petitioner's ability to obtain those documents remained the same from October 2007 (when APD denied his records requests) to April 2009 (when petitioner filed the instant petition). And, as reviewed above, petitioner has failed to adequately explain why he did not timely file the petition in 2007 that he ultimately filed in 2009.

Petitioner also contends he is entitled to equitable tolling because "[t]he documents necessary to establish his claim were solely within the possession of State entities (the [APD] and the Potter County D.A.'s office), or were otherwise inaccessible to Mr. Henderson due to State action (the D.A.'s confidentiality policy, which limited Mr. Henderson's trial defense counsel)." (Petitioner's Post-Hearing Brief, doc. #30, pg. 12). It is well established that the Texas Open Records Act, which prevented petitioner from directly receiving documents relating to the case, is constitutional. *Wright v. Curry*, 122 Fed. Appx. 724, 2004 WL 2977437 (5th Cir. 2004) (citing *Colbert v. Beto*, 439 F.2d 1130, 1131 (5th Cir. 1971)). It is likewise accepted that routine state expunction orders are constitutional. *See Cavett v. Ellis*, 578 F.2d 567, 568 (5th Cir. 1978). It is difficult to conclude well-known, constitutional state laws, universally applied to all people similarly situated to petitioner constitute "extraordinary circumstances" and/or "active misleading" by the State. *See Coleman*, 184 F.3d at 402. Additionally, the difficulty in obtaining these documents from the various state agencies did not prevent petitioner from filing his petition, and reliance upon difficulty in obtaining the documents cannot excuse tardy filing.

Unfortunately for petitioner, he has failed to show he diligently pursued his rights prior to appointment of counsel when he was proceeding pro se. *See Lawrence*, 549 U.S. at 336, 127 S. Ct. at 1085. He knew at the time he was arrested that his arrest was on his brother's warrants, which is the basis for all his claims on federal habeas corpus review. He has likewise failed to show how extraordinary circumstances prevented him from timely filing his petition. *See id*. While the underlying facts of his case are unique, he has not explained how they prevented him from filing the petition based upon the information he had and then seeking to obtain supporting documents later.

Everything petitioner did in 2009 could have been done in 2007. Had petitioner *timely* filed the exact same petition he filed in 2009, the Court would have been able to address the merits of petitioner's grounds of error. Even though the undersigned finds equitable tolling inapplicable, the Court does believe the evidence from the hearing regarding some of the State's procedures and methods of expungement raise issues of great concern. Unfortunately, petitioner unjustifiably waited long past the filing deadline to file the petition. Petitioner is not entitled to equitable tolling. His petition for habeas corpus relief is not timely and should be dismissed as such.

## IV.
## RECOMMENDATION

For the reasons detailed above, petitioner is not entitled to equitable tolling. Therefore, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that respondent's Motion to Dismiss be GRANTED and the Petition for Writ of Habeas Corpus by a Person in State Custody filed by petitioner STACEY ALEXANDER HENDERSON be DISMISSED as time barred.

## V.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 4th day of March, 2010.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).